J. J. HOCKENJOS CO., A CORPORATION OF NEW JERSEY, PROSECUTOR, v. DISTRICT COURT OF THE ESSEX COUNTY JUDICIAL DISTRICT, PART ONE, RESPONDENT.

Argued October 2, 1945—Decided November 30, 1945.

Before Justices DONGES, HEHER and COLIE.

For the prosecutor, *David H. Yonneff* (*Charles C. Trelease*, of counsel).

For the respondent, *Milton M. Unger.*

The opinion of the court was delivered by

COLIE, J. *Certiorari* was allowed to review the legal propriety of an order of the District Court dated June 27th, 1945, setting aside a verdict in favor of plaintiff and granting a new trial.

A review of what transpired theretofore is essential to an understanding of the questions now before the court. Broad & Branford Corporation, hereinafter referred to as landlord, owned and leased to J. J. Hockenjos Co., hereinafter referred to as tenant, store premises in Newark, New Jersey. The landlord sued the tenant for non-payment of rent and in that suit the tenant filed an answer by way of defense and counterclaimed for damages based on the landlord's allegedly unreasonable refusal in withholding written consent to the tenant to sublet the leased premises. In that suit the District Court

Judge directed a verdict for the landlord and on appeal to the Supreme Court it reversed and remanded for a new trial. See *Broad & Branford Place Corp.* v. *J. J. Hockenjos Co.,* 132 *N. J. L.* 229. Following out the mandate of the Supreme Court, the cause was set down for trial before the court and a jury. At the conclusion of the case, the jury returned a verdict in favor of the landlord and against the tenant in the sum of $35 which was the money difference between the landlord's claim of $260 and the tenant's counter-claim of $225. On the same day, May 15th, 1945, judgment was entered. Nine days later the landlord made an application to the District Court Judge who issued a rule to show cause reading:

"Application having been made to me by the plaintiff in the above entitled cause, and good cause appearing therefor,

"It is, on this 24 day of May, 1945, on motion of Milton M. Unger, Attorney of Plaintiff, ordered that the defendant show cause before this court on the 31st day of May, 1945, at 10:00 o'clock in the forenoon or as soon thereafter as counsel can be heard why the verdict entered in the above entitled cause should not be set aside as contrary to the weight of the evidence and as illegal and invalid, and why judgment should not be then and there entered in favor of the plaintiff and against the defendant *non obstante veredicto.*

"It is further ordered that a copy of this order be served upon the attorney for the defendant within two days from the date hereof."

The above rule to show cause was duly served and on the adjourned return date counsel for the respective litigants appeared and thereafter on June 27th, 1945, the rule to show cause was made absolute and a new trial ordered.

Prosecutor argues that the court was without jurisdiction. It is said that because of *R. S.* 2:32–121 requiring that "an application for a new trial * * * shall be made within thirty days after judgment" the order under review is invalid since the judgment was entered more than thirty days prior to the order granting a new trial. The above statute limits to thirty days the time within which *application* for a new trial shall be made. It puts no time limit on the time within which the order granting a new trial shall be made. In this

case the application was made within nine days of the judgment. It is also said that the application was limited to one for a judgment *non obstante veredicto* and that being so the court should not have granted some other relief, in this case a new trial. The rule dated July 24th, 1945, is one "to show cause why the verdict * * * should not be set aside as contrary to the weight of the evidence and as illegal and invalid." It requires no citation of authority for the proposition that an application to set aside a verdict as contrary to the weight of the evidence is in essence an application for a new trial. The inclusion of an application for judgment *non obstante veredicto* does not confine the scope of the rule to that form of relief only.

We have examined all of the reasons urged and find them without merit. The writ is dismissed, with costs.